IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

MOEINI CORPORATION,  CASE NO:
  17-04073
Debtor.

## PETITION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS AND DISTRIBUTE THE PROCEEDS

Debtor, Moeini Corporation, petitions the Court for authorization (1) to sell certain real property and improvements thereon known as 2471 Nine Mile Road East, Pensacola, FL 32514 owned by Debtor to James C. Bailey, Jr. or his designee (hereinafter "Purchaser"), free and clear of liens, for an amount equal to $315,000.00, plus those closing costs for which Purchaser is responsible, and (2) to pay from the proceeds of the sale all closing costs for which Seller is responsible, including a real estate commission of 4% of the sales price, Chapter 11 quarterly fees to Irvin Grodsky, PC's IOLTA account in the amount of $4,875.00, and the balance to Hancock Bank for credit against the indebtedness owed by the Debtor secured by said property, and in support states as follows:

1. On October 26, 2017, Debtor filed a Petition for Relief under Chapter 11 of the U.S. Bankruptcy Code. The Debtor is serving as Debtor-in-Possession.

2. Debtor continues to manage his property pursuant to Sections 1107 and 1108.

3. An Official Committee of Unsecured Creditors has not been appointed pursuant to Section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

4. At the time of the filing of Debtor's Chapter 11 proceeding, Debtor owned real property known as 2471 Nine Mile Road East, Pensacola, Florida, subject to a mortgage in favor of Hancock Bank which mortgage secures a debt owed to Hancock Bank. In addition, said property cross-collateralizes other debts owed by the Debtor to Hancock Bank with balances totaling an amount in excess of the value of said property.

5. Debtor has received an offer to purchase said property free and clear of liens together with a $5,000.00 earnest money deposit paid to the Debtor's Agent from James C. Bailey, Jr., for an amount equal to $315,000.00 plus Purchaser's share of closing costs for which Purchaser is responsible. Debtor has agreed to accept said offer, subject to this Court's approval. A copy of the Purchase Agreement is attached hereto as Exhibit "A". Pursuant to the Purchase Agreement, the Closing is to occur no later than Sept. 14, 2018. Debtor is of the opinion that the proposed purchase price is fair and reasonable for the property.

6. From the gross sales proceeds, Debtor proposes to pay (1) all closing costs and fees required to be paid by Seller under the terms of the Purchase Agreement, including a real estate commission of 4% of the sales price, (2) the amount of $4,875.00 to Irvin Grodsky P.C.'s IOLTA account to be used to pay the Chapter 11 quarterly fees for the calendar quarter during which the sale is closed, and (3) and the balance to Hancock Bank to pay the note secured by this property and towards other secured debts owed by Debtor to Hancock Bank.

7. The Purchase Agreement contains a provision requiring the Order approving the sale to clearly state the Buyer is only purchasing the Subject Property, not the Seller's business, and that the Buyer will not be responsible for the Seller's debt.

8. Debtor is of the opinion that the sale of said property under these circumstances and the use of the proceeds as described above is in the best interest of all creditors.

WHEREFORE, Debtor prays for an Order authorizing it to sell the above described property to James C. Bailey, Jr., or his designee, free and clear of liens, in accordance with the terms of the Purchase Agreement attached hereto, and for authorization to use the proceeds of the sale in accordance with paragraph 6 of this Motion, and Debtor prays for such other and different relief as may seem meet and proper, circumstances considered.

Moeini Corporation
Debtor

/s/Medhi Moeini
by MEDHI MOEINI
as its President

/s/ Irvin Grodsky
IRVIN GRODSKY
IRVIN GRODSKY, PC
Attorney for Debtor
Post Office Box 3123
Mobile, Alabama 36652
(251) 433-3657

## CERTIFICATE OF SERVICE

On this the 20th day of August 2018, I hereby certify that the above and foregoing document has been served electronically on all parties in this case listed on the electronic mailing list.

**BANKRUPTCY ADMINISTRATOR** baoffice@alsba.uscourts.gov
_ **Brian P. Baggott (Pro Hac)** brian.baggott@dentons.com
_ **Bill Bensinger** bdbensinger@csattorneys.com, bill-bensinger-5829@ecf.pacerpro.com

- **Irvin Grodsky** igpc@irvingrodskypc.com, ruthl@irvingrodskypc.com
- **Jeffery J. Hartley** jjh@helmsinglaw.com, ktm@helmsinglaw.com;dwc@helmsinglaw.com
- **Thomas B. Humphries** thumphries@sirote.com, rwilliamson@sirote.com
- **Michael L. McKerley** mike@mckerleylawfirm.com
- **Robert E. Richards (Pro Hac)** robert.richards@dentons.com, ndil_ecf@dentons.com;kaylie.heimel@dentons.com;Elizabeth.Sturdevant@dineequity.com
- **Joel D. Siegel (Pro Hac)** joel.siegel@dentons.com
- **Daniel D. Sparks** ddsparks@csattorneys.com, dan-sparks-9722@ecf.pacerpro.com
- **Susannah R. Walker** sdbankruptcy@sirote.com
- **Mark S. Zimlich** mark_zimlich@alsba.uscourts.gov

/s/ Irvin Grodsky
IRVIN GRODSKY

# COMMERCIAL PURCHASE AGREEMENT



This contract constitutes the sole agreement between the parties hereto and any modification of this contract shall be signed by all parties to this agreement. No representation, promise or inducement in this contract shall be binding upon any party hereto.

SELLER (S) INITIALS _M_ _M_   BUYER (S) INITIALS _James C Burton Jr._

AGENCY DISCLOSURE: THE LISTING COMPANY IS: Vallas Realty, Inc. IS: (Two Blocks may be checked) __ An agent of the seller, _x_ An agent of the buyer, __ An agent of both the seller and buyer and is acting as a limited consensual dual agent, __ Assisting the seller as a transaction broker.

THE SELLING COMPANY IS: Vallas Realty, Inc IS: (Two Blocks may be checked) __ An agent of the seller, __ An agent of the buyer, __ An agent of both the seller and buyer and is acting as a limited consensual dual agent, X Assisting the buyer as a transaction broker.

BUYER'S OFFER

Date: _August 1, 2018_

1. THE UNDERSIGNED, HEREINAFTER CALLED THE BUYER HEREBY OFFERS TO BUY THE PROPERTY known as 2471 Nine Mile Road East, Pensacola, FL and legally described as: See attached Exhibit "A" subject to any existing building and use restrictions, previous mineral exclusions, zoning ordinances and easements, if any, for the sum of Three Hundred Fifteen Thousand, and 00/100 ($315,000.00).

2. THE TERMS OF PURCHASE SHALL BE as indicated by "X" below (other unmarked terms of purchase do not apply): CASH X The full purchase price upon execution and delivery of Warranty Deed. Buyer and Seller to split closing fee and recording expenses.

3. REVIEW PERIOD: Thirty (30) days, during which period of time Buyer will have the right to enter onto the property for the purpose of having tests and surveys completed and shall also review and approve the covenants and restrictions of the property. Buyer will also use this period to obtain acceptable financing terms for said purchase. During this period, Buyer may terminate this transaction for any reason and deposit monies will be returned and no further action taken.

Buyer to purchase property in its "As-Is" condition, and understands that Seller is involved in a Bankruptcy, so the sale will have to be court approved.

4. PROPOSED CLOSING DATE: Closing Date will be Ten (10) days after the Review Period, or as soon as all closing documents are ready. Closing to occur no later than September 14, 2018.

5. SELLER PROVIDES: Within 5 business days of the fully executed Agreement, Seller shall provide any materials, survey, title reports, environmental reports, and any other pertinent information regarding this property in Seller's possession; provided, however, Seller makes no warranties or representations as to the accuracy or completeness of such reports or Purchaser's ability to rely on such reports. Within 7 business days of the fully executed Agreement, Seller, at Seller's expense, shall order a binding commitment to issue a standard owner's policy of title insurance covering the Property (the "Title Commitment") issued by a title insurance company of Seller's choosing (the "Title Company"), on the current ALTA standard Form B. In the Title Commitment, the Title Company shall agree to insure marketable title to the Land, in the name of the Purchaser, free from the Schedule B exceptions except for matters that are set forth in the title report previously delivered to Purchaser which Permitted Exceptions shall be acceptable to Purchaser ("Permitted Exceptions"). The Title Commitment shall be updated on the Closing Date to reflect the state of the title as of the Closing Date (the "Updated Title Commitment"). The parties agree that First American is an acceptable Title Company for purposes of issuing the owner's policy.

6. AN OWNER'S POLICY OF TITLE INSURANCE AND OTHER CLOSING DELIVERIES AND ALLOCATION OF COSTS: Seller shall be responsible for the following deliveries and closing costs: (i) a general warranty deed (the "Deed") approved by the Title Company and Purchaser conveying to Buyer as of the date of Closing marketable fee simple title to the Property, subject

EXHIBIT "A"

only to the Permitted Exceptions and other items set forth in this Section; (ii) an owner's title insurance policy issued by a company selected by Seller insuring Buyer's interest in the Property in the amount of the Purchase Price; (iii) A perimeter survey will be provided by Seller, if one exists; and (iv) delivery of any reasonable and customary documents and instruments that the Title Company may reasonably require in order to issue the Title Insurance Policy. Seller shall also pay for recording of any mortgage or lien release or other document relating to curing any exception or encumbrance on Seller's title to the Property or any easement or restriction benefiting Seller or adjacent property of Seller, any escrow closing fee, Seller's attorney fees, and real estate brokerage fees. The Buyer shall be responsible for payment of extended title coverage and endorsement premiums, environmental inspections and its own legal costs.

7. RISK OF LOSS: Risk of loss by fire or other casualty shall be on Seller until title is conveyed.

8. TITLE TO BE TAKEN IN NAME (S) of Tool Expo Corporation, or its assignee.

9. A FURTHER PERIOD OF FIFTEEN (15) DAYS shall be allowed for closing if the closing is delayed by title defects which can be readily corrected.

10. POSSESSION TO BE GIVEN AT CLOSE OF SALE: Seller acknowledges that any and all Leases currently on the property will be assigned at Closing.

11. FOR VALUABLE CONSIDERATION. Buyer gives the Seller until August 2nd at 12:00 PM to accept this offer and agrees that this offer when signed will constitute a binding agreement between Buyer and Seller and herewith deposits $5,000.00 in the form of Check upon acceptance evidencing Buyer's good faith to be deposited in escrow by Listing Agent at Anders, Boyett and Brady. Upon acceptance of offer and to be applied to the purchase price. If this offer is not accepted or the title is not marketable, or other contingencies as specified cannot be met, this deposit to be refunded, otherwise to be retained. The term "Earnest Money" wherever used in this Agreement shall include the Earnest Money and any interest earned on the Earnest Money. The Earnest Money shall be applied against the Purchase Price at closing.

12. It is agreed by the Buyer that in making this offer and in entering into the contract which will be embodied in this instrument, if Seller accepts this offer, Buyer has relied upon no statement, representation, promise, warranty, understanding or agreement whatsoever, and will not do so, whether expressed or implied, by Seller or by any sales person, agent or other representative of Seller or by any other person except those statements, representations, promises and warranties, if any, specified and expressly written. Real Estate agents are not principals and are not to be held liable for any conditions or non-performance of this agreement.

13. Sale is contingent upon Bankruptcy Judge approving the sale. Order approving Sale shall clearly state that Buyer is only purchasing the Subject Property, not the Seller's business, and that the Buyer will not be responsible for the Seller's debt.

**BUYER'S ACCEPTANCE OF OFFER**

BUYER ACKNOWLEDGES RECEIPT of this copy of this Agreement.

Buyer: _James C Bailey Jr._ Name: _James C Bailey Jr._

Buyer's Address: _P.O. Box 916 Robertsdale AL 36567_ Phone: (Office) _251-533-6250_ (Fax) _251-947-2808_

Selling Agent: _Robert H. Cook_  _Vallas Realty, Inc._  Phone: (Cell) _251-367-2970_

*{Seller's Signature on Next Page}*

**SELLER'S ACCEPTANCE OF OFFER**

SELLER ACKNOWLEDGES RECEIPT of a copy of this Agreement.

Seller: _/s/_ Name: _Mehdi Moein_
Seller's Address: _1765 E Nine Mile Rd, Suite 1, Unit 112, Pensacola, FL 32514_ Phone: (Office) _850-725-1740_ (Fax) _____
Selling Agent: <u>Robert H. Cook</u>, <u>Vallas Realty, Inc.</u> Phone: (Cell) <u>251-367-2970</u>

**COMMISSION AGREEMENT:** The undersigned Seller hereby agrees to pay to <u>Vallas Realty, Inc.</u> a commission of 4% of the sales price at Closing.